IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONITA T. LEE, | ) |
| | ) |
|     Plaintiff | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) JURY DEMANDED |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW PLAINTIFF, TONITA T. LEE, and brings this action for damages against the Defendant, UNITED STATES OF AMERICA as herein described and respectfully as follows:

### I. PARTIES AND JURISDICTION

1.

Plaintiff Lee is a resident of Fulton County, residing at 4725 Walton Crossing SW, Apt. 2206, Atlanta, GA 30331.

2.

This action arises under the Federal Tort Claims Act, 28 U.S.C.A. § 2671-

2680, and this Court has jurisdiction pursuant to 28 U.S.C.A. § 1346(B).

3.

Based on the above, venue lies with this Honorable Court.

## II. FACTS

1.

On or about December 17, 2019, Plaintiff was operating a 2015 Honda Civic traveling west on Riverdale Road at its intersection with Sullivan Road in Clayton County.

2.

On or about December 17, 2019, David Robert Jobin, an employee of the United States government, was operating a white 2016 Ford F150 traveling east on Riverdale Road at its intersection with Sullivan Road, attempting to make a left turn onto Sullivan Road in Clayton County with the knowledge, permission and consent of the Transportation Security Administration.

3.

Defendant's employee David Robert Jobin was negligently operating his vehicle in that he failed to obey an official traffic-control device and failed to yield when turning left. As a result, Defendant's employee struck the Plaintiff's vehicle.

4.

Defendant's employee David Robert Jobin was operating the motor vehicle in the course and scope of his employment and in the furtherance of the business of Defendant United States of America.

5.

David Robert Jobin was cited by College Park police officer Smith for failing to yield when turning left under O.C.G.A §40-6-71.

6.

On December 20, 2021, Plaintiff submitted a Claim for Damage, Injury or Death, received by TSA Claims Management Branch for injuries and damages sustained in this incident. Total Damages of $125,000.00 were demanded by the Plaintiff.

7.

The six-month deadline to the TSA Claims Management Branch to respond to the claim has expired, and no response has been forthcoming. This action is filed pursuant to 28 U.S.C.A. § 2675(a).

### III.   CLAIMS

**A. PLAINTIFF'S   CAUSE   OF   ACTION   AGAINST   THE   UNITED**

**STATES OF AMERICA**

1.

Plaintiff TONITA T. LEE was injured as direct result of the following reckless and negligent acts, omission, and conduct on the part David Robert Jubin, who was acting in the course and scope of his employment with the United States government, including but not limited to:

    a.    In carelessly and negligently failing to maintain the vehicle under proper control.

    b.    In failing to obey an official traffic-control device thereby violating O.C.G.A §40-6-20.

    c.    In failing to yield when turning left thereby violating O.C.G.A §40-6-20.

    d.    In carelessly and negligently failing to keep a proper lookout for traffic and especially the vehicle and the person of the Plaintiff; and

    e.    In failing to take the last clear chance offered to avoid such a collision.

The above negligent acts of David Robert Jobin proximately caused the collision at issue in this lawsuit and the personal injuries suffered by Plaintiff

therefrom.

2.

At all times relevant to the incident, David Robert Jobin operated the motor vehicle, with permission of, within the course and scope of employment with, within his authority as an agent of, under the control and supervision of, and in furtherance of the interest of the Transportation Security Administration, an agency of the United States government.  Defendant's acts and omissions which proximately caused the collision and subsequent injuries suffered and sustained by the Plaintiff are imputed to Defendant United States of America under the theories of agency and respondent superior.  Therefore, Defendant United States of America is liable to the Plaintiff for all damages proximately caused by the above-described acts of negligence.

3.

As a direct result of the negligence of the Defendant's employee, Plaintiff Lee will suffer permanent physical impairment and dysfunction, and partial disability.  She suffered lost capacity to work and labor and will suffer diminished earning capacity.  The pain and physical dysfunction have interfered with her activities of daily living and have caused a loss of enjoyment of life.  She has

experienced great pain and suffering and will continue to experience pain and suffering in the future. She has incurred substantial medical expenses and will continue to incur medical expenses in the future.

## IV.   DAMAGES

1.

Plaintiff hereby incorporates by reference all allegations and cause of action plead in the proceeding paragraphs of this Complaint. Plaintiff Lee avers that as a direct and proximate result of the above described acts of negligence on the part of the Defendant, Plaintiff alleges that she is entitled to damages, including, but not limited to, the following specific items of damages:

   a. Painful injuries caused by the Defendant's negligence;

   b. Physical pain, both past and future;

   c. Emotional suffering and grief, both past and future;

   d. Healthcare expenses, both past and future;

   e. Permanent injury, impairment and partial disability;

   f. Loss of earning capacity;

   g. Costs of this action; and

   h. All other damages and relief allowed under the laws of the State of

Georgia to which she may be entitled.

**WHEREFORE**, Plaintiff prays for judgment to be entered against the above named Defendant for compensatory damages in the amounts to be determined after all of the evidence in this case is presented, with such amounts not to exceed the amount of ONE HUNDRED AND TWENTY FIVE THOUSAND DOLLARS ($125,000.00), along with accrued post judgement interest at the legal rates, the cost of this action, including reasonable expenses, and any and all further damages to which she may be entitled and the Court deems appropriate. PLAINTIFF DEMANDS A JURY TO TRY THESE ISSUES, WHEN JOINED.

This 26th day of September 2022.

                                                       LAW OFFICE OF PERRY D. ELLIS, P.C.,

                                                       */s/ Henry de Give*
                                                       HENRY de GIVE
                                                       Attorney for Plaintiff
                                                       Georgia State Bar #216103

Ten Piedmont Center, Suite 105
3495 Piedmont Rd. NE
Atlanta, GA 30305
404-870-9997
henrydegive@perrydeanellis.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times Roman" font, 14 point, as required by Local Rule 5.1(C).

                LAW OFFICE OF PERRY D. ELLIS, P.C.,

                */s/ Henry de Give*
                HENRY de GIVE
                Attorney for Plaintiff
                Georgia State Bar #216103

Ten Piedmont Center, Suite 105
3495 Piedmont Rd. NE
Atlanta, GA 30305
404-870-9997
henrydegive@perrydeanellis.com